# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JEROME ALLEN BARGO                                                                    PLAINTIFF
ADC #075423

v.                                  No. 5:17CV00281 JLH-PSH

WENDY KELLEY, *et al.*                                                              DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Partial Recommended Disposition submitted by United States Magistrate Judge Patricia S. Harris, and the objections filed. After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Partial Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects, with the following additional comments. As Jerome Allen Bargo acknowledges, to succeed on the merits he must prove that the defendants were deliberately indifferent to his serious medical needs. Document #55 at 2 (citing *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976)). Bargo acknowledges that the defendants have offered to extract his abscessed tooth, but he says that they are nevertheless indifferent because the treatment that they offered, extraction, deviates so far from normal standards as to amount to deliberate indifference. Document #55 at 4. That argument relies upon *Smith v. Jenkins*, where the Eighth Circuit said that evidence of deliberate indifference can be established by showing that the course of treatment "so deviated from professional standards that it amounted to deliberate indifference in violation of [the defendant's] eighth amendment right to be free from cruel and unusual punishment." 919 F.2d 90, 93 (8th Cir. 1990). The Eighth Circuit acknowledged, however, that proof that a course of treatment deviated from professional standards requires expert testimony. *Id*. Here, Bargo has no

expert testimony. He has failed to show that the extraction offered by the defendants so far deviates from professional standards, as they would be applied to his particular case, as to constitute deliberate indifference. Consequently, he has failed to show a likelihood of success on the merits, which is an issue on which he has the burden of proof.

Jerome Allen Bargo's motion for injunctive relief is DENIED. Document #50.

IT IS SO ORDERED this 17th day of May, 2018.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE